UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

JAMOAL CLARKE,

                       Plaintiff,

      -against-

THE CITY OF NEW YORK, SERGEANT SEAN
CLAXTON (Shield 1500) and POLICE OFFICER
MOHAMMAD ALI (Shield 23614),

                       Defendants.
------------------------------------------------------------------X

13-CV-
COMPLAINT

JURY TRIAL DEMANDED

BRODIE, J.

AZRACK, M.J.

       Plaintiff **JAMOAL CLARKE**, by his attorney, Joel Berger, Esq., for his complaint alleges, upon information and belief, as follows:

### *NATURE OF THE ACTION*

1.      This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution and laws of the United States and the State of New York, including false arrest and false imprisonment, by employees of the New York City Police Department (NYPD),

### *JURISDICTION AND VENUE*

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

3.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b).

### *PENDENT JURISDICTION*

5.      This Court also has jurisdiction over plaintiff's state law claims, pursuant to its pendent or supplemental jurisdiction as codified in 28 U.S.C. § 1367.

6.      On December 18, 2012, within ninety days after the claims alleged in this complaint

arose, a verified Notice of Claim was duly served upon the Comptroller of the City of New York pursuant to General Municipal Law § 50-e. A Comptroller's hearing pursuant to General Municipal Law 50-H was conducted on March 6, 2013.

7. At least thirty days have elapsed since the service of the Notice of Claim, and adjustment or payment of the claims has been neglected or refused by defendant City of New York.

8. This action is being commenced within one year and ninety days after the happening of the events upon which the claims are based.

## *JURY DEMAND*

9. Plaintiff demands trial by jury in this action.

## *PARTIES*

10. Plaintiff Jamoal Clarke, age 25, is a black male who is a citizen of the United States and a resident of the State of New York. He is from St. Vincent And The Grenadines, and came to the United States in 2006. He has a GED degree. He has no criminal record of any kind, having never even been arrested except in the incident of this lawsuit. He has been accepted for enlistment in the United States Army and will be formally inducted on or about April 16, 2013.

11. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

12. At all times relevant herein, defendant Sean Claxton, shield 1500, was a sergeant employed by the NYPD, assigned to the 67th Precinct in Brooklyn, NY.

13. At all times relevant herein, defendant Mohammad Ali, shield 23614, was a police

officer assigned to the 61st Precinct in Brooklyn, NY.

14. At all times relevant herein, defendants Claxton and Ali were acting as agents, servants and employees of defendant City of New York and the NYPD.

15. At all times relevant herein, all defendants were all acting under color of state law.

### *FACTS*

16. On September 23, 2012, at approximately 11:20 P.M., in the vicinity of Church Avenue and 54th Street in Brooklyn, NY, plaintiff Jamoal Clarke was illegally arrested by defendant Sergeant Sean Claxton.

17. At the time of the arrest plaintiff was merely observing a police action -- the arrest of a single individual -- in which plaintiff was not involved in any manner.

18. Despite the fact that plaintiff was doing nothing wrong, Claxton grabbed him and slammed him into a metal gate, injuring his right shoulder and causing his lower lip and the shoulder to bleed.

19. Claxton handcuffed plaintiff behind his back with metal handcuffs.

20. After plaintiff was handcuffed Claxton punched plaintiff in the back several times with a clenched fist.

21. Plaintiff was placed in a police SUV and, accompanied by approximately five police officers, he was transported to the 67th police precinct, 2820 Snyder Avenue, Brooklyn, NY. There were no other arrestees in the SUV.

22. At the 67th precinct Mr. Clarke was placed in a squalid cell that smelled of urine and was occupied by 4-5 other arrestees, and he remained in that cell for approximately 1½ -2 hours.

23. Plaintiff's right shoulder was in severe pain and bleeding, and he asked Claxton to transport him to a hospital. Claxton ignored the request.

24. Claxton threatened plaintiff that he was going to be charged with assaulting a police officer and resisting arrest -- two charges that had no basis whatsoever.

25. However, Mr. Clarke was subsequently released with merely a summons for disorderly conduct.

26. Upon his release plaintiff proceeded immediately to Kings County Hospital to have his shoulder examined. He was there for approximately 3-4 hours. He was given a sling that he needed to use for approximately the next two weeks, during which time he experienced severe pain in the shoulder.

27. The summons issued to plaintiff, signed by defendant police officer Ali, alleges a violation of Penal Law § 240.20 (5), which requires that the defendant, "with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof … obstructs vehicular or pedestrian traffic."

28. Plaintiff did not violate Penal Law §240.20 (5), nor did he commit any other offense.

29. The summons required plaintiff to appear in court at 346 Broadway in Manhattan on Friday, December 14, 2012.

30. Mr. Clarke did appear in that court on December 14, 2012, at which time he was advised by the court clerk's office that the summons had already been dismissed.

31. The clerked stamped "dismissed" on plaintiff's copy of the summons and plaintiff did not have to appear before a judge.

32. The Certificate of Disposition, dated the previous day – December 13, 2012 – states "DISM – LEGALLY INSUFFICIENT." The judge was Hon. Gerald Picket, Part SAP-D. A copy of the Certificate of Disposition is annexed to this complaint as Exhibit A. A copy of the summons and the Criminal Court Information written by Ali on the back of the summons is annexed as Exhibit B.

33. Either the police never followed through in support of the summons, or the Court dismissed the summons because the facts recited in the information were legally insufficient to support the charge.

34. PO Ali's information does not allege that plaintiff acted intentionally or recklessly, and it does not allege that plaintiff caused or risked any public inconvenience, annoyance or alarm. Ali merely asserts that, "as informed by Sgt. Claxton," plaintiff was "obstructing pedestrian traffic with others" and "refused to disperse."

35. Even the allegations that recite an insufficient portion of the statutory requirements are untrue, fabricated by Claxton. At no time did plaintiff obstruct pedestrian traffic, either by himself or with others. At no time did plaintiff refuse to disperse.

36. The Criminal Court Information was obviously written hastily and sloppily as an after-the-fact attempt to legitimize an illegal arrest by a police sergeant who did not like the fact that bystanders were observing his activities.

37. In addition to the physical pain in his shoulder from Claxton's excessive and unnecessary use of force, plaintiff has been emotionally injured by the incident. He has become reclusive and reluctant to engage in activities. He is very fearful of police. He avoids them and becomes worried whenever he sees a police officer.

## *FIRST CLAIM FOR RELIEF*

38.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-37.

39.     Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and Article I, §§ 1, 5, 6, 11 and 12 of the Constitution of the State of New York.

## *SECOND CLAIM FOR RELIEF*

40.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-37 and 39.

41.     The acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, promote and discipline police officers, detectives and supervisory officers.

42.     The failure of the City of New York and the NYPD properly to select, train, supervise, promote and discipline police officers, detectives and supervisory officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

43.     The official policies, practices and customs of the City of New York and the NYPD, alleged in ¶¶ 1-30, 32 and 33-34 violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and Article I, §§ 1, 5, 6, 11 and 12 of the Constitution of the State of New York.

## *THIRD CLAIM FOR RELIEF*

44.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-37, 39, and 41-43.

45.     The conduct toward plaintiff alleged herein constituted false arrest, false

imprisonment, malicious prosecution, the unnecessary and excessive use of force, and employee negligence.

46. The conduct toward plaintiff alleged herein subjected this man with no prior arrest record to trauma, shock, debasement, shame, fright, fear, humiliation, embarrassment, loss of freedom, harassment, and physical, psychological and emotional injury, trauma, pain, and suffering.

### *FOURTH CLAIM FOR RELIEF*

47. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-37, 39, 41-43, and 45-46.

48. At all times relevant herein, the individual defendants were on duty and were acting within the scope of their employment as agents, servants and employees of the City of New York, which is therefore responsible for their conduct under common law, state law and Article I, §§ 1, 5, 6, 11 and 12 of the Constitution of the State of New York.

### *PRAYER FOR RELIEF*

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against all individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated: New York, New York
March 11, 2013

_[signature]_
JOEL BERGER
360 Lexington Avenue, 16th Fl.
New York, New York 10017
(212) 687-1425

**ATTORNEY FOR PLAINTIFF**

**EXHIBIT A**

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK
CERTIFICATE OF DISPOSITION
NUMBER: 33164

THE PEOPLE OF THE STATE OF NEW YORK
VS.

**CLARKE, JAMUAL**
DEFENDANT

**164 LINDEN BLVD**
ADDRESS

**BROOKLYN**     **NY**     **11226-3642**
CITY     STATE     ZIP

DOCKET NUMBER: **2012SK118579**

**FEE: $10.00**

**09/12/1947**
DATE OF BIRTH

**09/23/2012**
ISSUE DATE

SUMMONS NUMBER: **4335952958**

**PL 240.20 05 0V**
ARRAIGNMENT CHARGES

CASE DISPOSITION INFORMATION:

| DATE | COURT ACTION | JUDGE | PART |
|---|---|---|---|
| 12/13/2012 | DISM - LEGALLY INSUFFICIENT | PICKETT,G | SAP-D |

I HEREBY CERTIFY THAT THIS IS A TRUE EXCERPT OF THE RECORD ON FILE IN THIS COURT.

_[signature]_     **01/03/2013**
COURT OFFICIAL SIGNATURE AND SEAL     DATE

(CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL OVER THE SIGNATURE OF THE COURT OFFICIAL.)

**EXHIBIT B**

AA-500.2 (1/05)

**SUMMONS**

**433593295-8**

The People of The State of New York VS.

Susp/Rev. Check ☐ Yes   No ☒
Motorist Exhibited License ☐ Yes   No ☒

Last Name: Clarke   First Name: Jamoal   M.I.:

Street Address: 164 Linden Blvd.   Apt. No.:

City: Brooklyn   State: NY   Zip Code:

ID Number: Personal Papers   Date of Birth: 09/12/91   Sex: M

**DISMISSED**

THE PERSON DESCRIBED ABOVE IS CHARGED AS FOLLOWS

Time: 23:20 PM   Date of Offense: 9/23/12   County: Kings   Precinct: 067

Place of Occurrence: E 54 Street & Church Ave

IN VIOLATION OF: 240.20

Description of Criminal Court Offense: Disorderly Conduct

The person described above is summoned to appear at CRIMINAL COURT
Located at: 346 Broadway   Summons Part: 1F   County: NY

Date of Appearance: 19 day of December year 2012

Complainant's Full Name (printed): P.O. McAG   Command Code: 067

Agency NCIC: NYPD   Squad: E1   Tax Registry No.: 941916

Name: [signature]   Date: 9/23/12

CRIMINAL COURT

**4335952950-8**

The People of The State of New York vs.

Susp/Rev Check ☐ Yes No ☒
Motorist Exhibited License ☐ Yes No ☒

| Last Name | First Name | M.I. |
|---|---|---|
| Clarke | Jamoal | |

**Street Address:** 164 Linden Blvd     Apt. No.

**City:** Brooklyn    **State:** NY    **Zip Code:**

**ID Number:** Personal Papers

**Date of Birth:** MO 09 DAY 12 YR 87    **Sex:** M

| Lic. State | Lic. Class or ID Type | Date Expires | Operator Owns Vehicle |
|---|---|---|---|
| | | MO DAY YR | ☐ Yes No ☐ |

**OPERATOR AND/OR OWNER OF VEHICLE BEARING LICENSE**

(vehicle section crossed out)

**THE PERSON DESCRIBED ABOVE IS CHARGED AS FOLLOWS**

AM ☐  Time **11:20**  PM ☒  Date of Offense **9/23/12**  County **Kings**  Precinct **067**

**Place of Occurrence:** c/o E 54 street & Church Ave

**IN VIOLATION OF**
Sec **240.20** Sub **(5)**   Penal Code ☒

**Description of Violation:** Disorderly Conduct

The person described above is summoned to appear at CRIMINAL COURT
Located at **346 Broadway**   Summons Part **1 FL**   County **NY**

Date of Appearance **2 pm ... 17 day of December year 2012**

False statements made herein are punishable as a Class A Misdemeanor pursuant to Section 210.45 of the Penal Law. Affirmed under penalty of perjury.

**Rank/Full Signature of Complainant:** PO ALi

**Complainant's Full Name (printed):** PO M. Ali    **Command Code:** 0164

**Agency/NCIC:** NYPD    **Squad:** E1    **Tax Registry No.:** 949986

I acknowledge receipt of this summons. I understand it is my responsibility to read and comply with the instructions on my copy, and that my signature below is not an admission of guilt.

**Name:** SERVED    **Date:** 09/24/12

AT T/P/O, AS INFORMED BY SGT. CLARTON TAX # 943092. DEFT WAS ASKED SEVERAL TIMES TO DISPERSE FROM LOCATION WHILE OBSTRUCTING PEDESTRIAN TRAFFIC WITH OTHERS. DEFT. REFUSED TO DISPERSE.

WARRANT CHECK ☒ Yes ☐ No

~~ENGAGED BY SGT. CLARKSON~~ ~~PERSONALLY OBSERVED THE COMMISSION OF THE OFFENSE CHARGED HEREIN.~~ FALSE STATEMENTS MADE HEREIN ARE PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT TO SECTION 210.45 OF THE PENAL LAW, AFFIRMED UNDER PENALTY OF PERJURY.

Date: 09/24/19    Signature: _____

**DEFENDANT DESCRIPTION**

Eye Color ____ Hair Color ____ Ethnicity ____
Ht. ____ Wt. ____ Phone # ____

**ARRAIGNMENT**

Defendant pleads ☐ Guilty ☐ Not Guilty

Date ____ Judge ____

① WARRANT CHECK
[illegible repeated block]

② DEFENDANT DESCRIPTION
Eye Color ____ Hair Color ____ Ethnicity ____

*4335952958*